## In re CRUMLING.

(District Court, E. D. Pennsylvania.   May 26, 1914.)

No. 4925.

1. BANKRUPTCY (§ 340*)—CREDITORS—WIFE OF BANKRUPT.

The fact that an alleged creditor of a bankrupt is his wife does not· bar her assertion of her rights as a creditor, but, if her claim is disputed, the burden is on her·to establish it by proof.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 527; Dec. Dig. § 340.*]

2. BANKRUPTCY (§ 340*)—GIFTS BY BANKRUPT TO WIFE—NOTE—VALIDITY.

While under the Pennsylvania law a husband may give his wife a note which is a promise to pay money, as well as any other property, yet, if he does so and becomes a bankrupt, the burden is on her to establish its validity.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 527; Dec. Dig. § 340.*]

In Bankruptcy.   In the matter of the bankruptcy proceedings of Harris L. Crumling.   On petitions of Charlotte Crumling and U. G. Dissinger for review of a referee's orders allowing Charlotte Crumling on a claim $2,075, instead of $6,200, as claimed, and disallowing the claim of Dissinger.   Affirmed.

Ellwood H. Deysher, of Reading, Pa., for trustee.

Thomas I. Snyder, of Reading, Pa., for claimants.

DICKINSON, District Judge.   This case turns upon the correctness of the findings of fact by the referee.   The merits of the claims presented before the referee are not such as to incline the court·to strain the well-known principle applied in all jurisdictions that ·the findings of fact made by the tribunal to which the law confides the duty of making such findings should not ordinarily be disturbed.   We need not pause to vindicate the wisdom of the principle and the justness of its application to the facts of this case are clear.

Claims are presented against the bankrupt's ·estate by his wife and other members of his · family for services rendered to him in such numbers and for such amounts as if allowed would make of these bankruptcy proceedings nothing but a means of transferring his estate from his creditors to himself under the guise of a dividend on debts contracted by him.   It is common sense, common justice, and hornbook law that all such claims should be closely scrutinized.   These have failed to pass the scrutiny of the referee.   For this the referee is to be commended.

As destructive as the Pennsylvania statutes are of well-considered common-law principles growing out of the marital relation, and far flung as they are in the direction of establishing the independent entity and property rights of the wife, they still fall short of placing any compulsion upon the courts of that state to take the property of the husband from out of the reach of his creditors and to transfer it to his

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

wife merely because the husband has declared that he would like to have this done.

The argument of counsel for these claimants is based upon false premises into assuming which he has been misled by a misconception of the questions involved and the conditions out of which these questions arise.

[1, 2] The general question involved is one of the distribution of an insolvent estate. The parties to the cause are therefore the claimants on the one side and the other creditors of the bankrupt on the other. The issue is between them, and not between the claimants and the bankrupt. If the wife, for instance, were suing the husband, his notes as self-disserving declarations would unquestionably be evidential and persuasive to the point of convincement perhaps. The minds of both the lawyer and the laymen would be inclined to the same conclusion. The husband should be required to pay the debt which he had declared to be owing. In an issue between the wife and the creditors of the husband, however, how can the declaration of the husband in her favor (whether it take the form of a promissory note or of a mere expression of his wish that she should have the creditor's money) possibly be evidential of anything except that the husband wants the wife to have the money? We could safely assume this without any proofs. To say that the courts are bound to take the money from the creditors and give it to the wife, simply because the husband wishes this done, is a proposition against which every principle of law and of justice and every canon of common sense revolts. If he cannot do this by the mere expression of a wish, it is just as clear that he cannot do it by saying that he owes her the money. His say so does not against creditors make it so. If she is a creditor, under the law of Pennsylvania she is entitled to payment out of the assets of the husband along with the other creditors. The fact that she is his wife is no bar to the assertion of her right as a creditor. If, however, she is called upon (as in this case she was) to prove her claim she must prove it. This she attempted to do but in this she failed. When her proofs fell down, her claim fell with it, except to whatever extent the proposition holds good that under the law of Pennsylvania a husband may give his wife a note as he may give her anything else. This gift of a promise of money, however, can do no more than to bring her case directly within the well-considered rule and within the range of the well-known decisions which counsel for the claimants admits the referee properly interpreted, but which counsel mistakenly asserts have no bearing upon the case. The principle and the rulings bear directly upon this feature of the case.

What has been said about the claim of the wife applies to the claim of the son-in-law.

The findings of the referee are approved and the orders made by him affirmed.